UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHYLLIS PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:14-cv-03441 |
| | § | |
| U.S. DEPARTMENT OF EDUCATION, | § | |
| | § | |
| Defendant | § | |

## FEDERAL DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Federal Defendant, United States Department of Education, ("Education") and files this Response to Plaintiff's Motion for Summary Judgment and asks that Plaintiff's Motion be Denied and that Defendant's Motion for Summary Judgment Be Granted, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed her Motion for Summary Judgment on October 19, 2015, and Defendant Education also filed a Motion for Summary Judgment on the same date. Plaintiff's Motion argued the facts and issues previously raised in her Complaint and moves for summary judgment on her claim that Federal Consolidation Loan Debt no. 17*****70 be discharged and that garnishment of her wages be enjoined, all on the basis of an alleged False Certification of her ability to benefit.

Plaintiff essentially asserts that Education made an arbitrary and capricious decision that violates the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06, when it denied Plaintiff's claim of false certification of ability to benefit. As discussed in Defendant's Motion for Summary Judgment, Plaintiff's challenge is governed by the APA's standard of review for informal agency adjudications; whether the action was "arbitrary, capricious, or otherwise not in

accordance with law." See 5 U.S.C. § 706; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971).  This APA standard of review is a narrow one whereby the Court is not empowered to substitute its judgment for that of the agency. *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989); *Gilbert v. Nat'l Transp. Safety Bd.*, 80 F.3d 364, 368 (9th Cir. 1996).  Rather, the Court determines only whether the agency's decision is "within the bounds of reasoned decision making." *Baltimore Gas and Electric Co. v. Natural Resources Defense Council*, 462 U.S. 87, 105 (1983).  As demonstrated below, Education's decision to deny Plaintiff's request for a discharge of her Student Loans was neither arbitrary nor capricious, and did not violate any applicable law.  Education's decision was well "within the bounds of reasoned decision making." Plaintiff's claims should therefore be summarily dismissed.

## **OVERVIEW OF THE FEDERAL FAMILY EDUCATION LOAN PROGRAM (FFELP)**

The FFELP (formerly the Guaranteed Student Loan (GSL) Program) is authorized under Title IV, Part B of the Higher Education Act (HEA) of 1965, as amended.  This loan program is described at Pages 2-3 of the Federal Defendant's Memorandum in support of Motion for Summary Judgment (Docket Entry no.18-1) and is incorporated by reference here. The goal of the FFELP is to make loans for higher education accessible for a broad range of students.  When loans are not repaid, it causes a problem within the system.  Any discharge or non-payment of these student loans has a direct cost to the Federal Government and the American taxpayer. Education, therefore, in administering its student loan program, is entrusted not only with attending to the needs of the students, but also with protecting the integrity of the public trust. Consequently, loan discharges are given only under very narrow exceptions.

FFELP loans disbursed on or after January 1, 1986 may be administratively discharged, either partially or completely, on specifically enumerated grounds:  death, total and permanent

disability, closed school, false certification, and unpaid refunds. Although Plaintiff made this application for a loan discharge claiming false certification, the discharge should only be granted, in Education's discretion, on the most narrow grounds.

**UNDISPUTED FACTS**

Plaintiff obtained five original student loans between June 2002 and August 2006, in order to attend the University of Phoenix, to pursue a Bachelor of Science degree. She attended the University of Phoenix for more than 3 years, but did not graduate. The student loans totaled $36,868.00. On or about June 28, 2006, Plaintiff obtained a FFELP Consolidation loan in the amount of $36,868 at the fixed interest rate of 5.3%. This loan repaid the five student loans previously obtained by Plaintiff to attend the University of Phoenix. The loan entered repayment on August 24, 2006. Plaintiff made no payments on the account and the loan was declared in default in 2007. On March 7, 2008, Plaintiff submitted her False Certification (Ability to Benefit) Loan Discharge application. See Administrative Record ("AR", Docket Entry No. 13) at 50. (Loan Discharge application). On May 14, 2008 American Student Assistance, ("ASA") Education's loan servicer, issued its initial decision, denying Plaintiff's application for failure to substantiate her claim, and instructing her to submit additional evidence of her failure to obtain a high school diploma. See AR at 46. (ASA May 2008 decision). On May 31, 2008 Plaintiff submitted a Request for a Hearing, requesting a telephonic hearing on the issue of the discharge of her student loans due to lack of GED, and attaching a copy of her high school transcript. See AR at 37-40. (May 31, 2008 Request for a Hearing). On June 24, 2009 Education affirmed ASA's initial decision. See AR at 20-21 (June 2009 decision).

Between 2009 and 2014 Plaintiff wrote to Education, ASA, and the University of Phoenix on multiple occasions, asserting that her FFEL Consolidation loan should have been

discharged pursuant to her False Certification (Ability to Benefit) Discharge application. See e.g. AR at 5, 6, 8, 13, and 14.

On March 28, 2014 Education issued a final agency decision, denying Plaintiff's False Certification (Ability to Benefit) Loan Discharge application, and explaining that Education's review of its audit, program reviews, and other oversight materials, now contained in the Administrative Record, found no evidence of violations of ability-to-benefit violations at the University of Phoenix during the time of Plaintiff's enrollment. See AR at 1-2. (March 28, 2014 final agency decision).

Subsequently, after issuance of the March 28, 2014 final agency decision by Education, Plaintiff, on July 24, 2014, submitted another Request for a Hearing on the issue of the dischargeability of her FFEL Consolidation loan. On July 30, 2014 Plaintiff also submitted an Administrative Wage Garnishment Hearing Request, requesting a telephonic hearing on the same issue.

On October 1, 2014 Education issued a Garnishment Hearing decision, which determined that Plaintiff's wages were subject to a wage garnishment withholding. See Attachment A to Plaintiff's Original Complaint. Plaintiff then filed this lawsuit on December 1, 2014. (Docket Entry no. 1).

**ARGUMENT**

Defendant Education incorporates, relies on and refers the Court to its previous arguments set out in its Memorandum in Support of its Motion for Summary Judgment. (Docket Entry no.18-1). Defendant however here responds directly to Plaintiff contention that Education did not sufficiently investigate, because there are no records from the University of Phoenix that prove or disprove whether Plaintiff was given a test of her ability to benefit from the more than

three years of education which she received. University of Phoenix, as shown by the reports attached to the Administrative record, has been investigated and reviewed. As the March 28, 2014 final agency decision explains, in light of the lack of substantiation, Education has undertaken its own investigation of Plaintiff's allegation that the school failed to properly administer the ability to benefit test. As part of this investigation, Education has examined its audit and program review records, as well as school reports for the University of Phoenix. See AR p. 1-2. The investigation uncovered **no information** to support the assertion that the University of Phoenix did not properly administer its ability to benefit tests.

Plaintiff's allegation that she was not given any ability to benefit testing is contradicted by her attendance at the University for so many years. She continued to attend, and repeatedly took out additional student loans. She subsequently consolidated the five student loans, but never made voluntary payments. Under these facts, Education's denial of her False Certification Discharge application was not arbitrary and capricious.

Any discharge of Title IV student loans has a cost to the Federal Government and the American taxpayer. Education, therefore, in administering its student loan program, is entrusted not only with attending to the needs of the students, but also with protecting the integrity of the public trust. Congress has determined that student loans should not generally be discharged administratively, except for a limited number of circumstances, including false certification of a borrower's ability to benefit. 20 USC §1087. Education, by regulation, has established a standard that borrowers must meet to qualify for discharge under this provision. Failure to properly enforce the standards thus established would result in the waste of taxpayer dollars and compromise the integrity of the student loan program.

As evident from Education's March 28, 2014 decision and its Administrative Record, Education carefully considered Plaintiff's application, the supporting documents, and also has conducted a thorough investigation of all of its internal records, such as program reviews, audit reports, and other available information. After a careful review Education concluded that the evidence did not support Plaintiff's contention that the ability to benefit test was not properly administered by the University of Phoenix. Plaintiff, an adult, not a minor or very young adult, took classes for more than 3 years at the University. Under these circumstances, granting a discharge of her student loans, in the absence of any evidence of the school's failure to properly administer the ability to benefit test, would result in the waste of public funds and compromise the integrity of the student loan program.

The Administrative Procedure Act, 5 U.S.C. sections 706(2)(A-E), provides the standard of review, stating that Agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The agency's construction of a statute it administers can only be deemed "not in accordance with law" if the relevant statute unambiguously forecloses the agency's interpretation, or if the agency's interpretation is not a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Res. Def. Counsel, Inc.*, 467 U.S. 837, 842-43 (1984); see also *Barnhart v. Walton*, 535 U.S. 212, 217-18 (2002). If the agency's interpretation is a permissible construction of the statute, it must stand; the court cannot substitute its judgment for that of the agency. *Chevron*, 467 U.S. at 843-44.

As to whether agency action is arbitrary or capricious, the scope of review under that standard is **narrow**; the Court must "consider whether an agency's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."

*Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). As above, however, the Court may not substitute its policy judgment for that of the agency when the policy is rational. *Chevron*, 467 U.S. at 865-66. In short, an agency decision, such as in this case, which is sustainable by the administrative record, must be upheld. *Camp v. Pitts*, 411 U.S. 138, 141 (1973).

## CONCLUSION

For the reasons discussed above, Education's action in this case was not arbitrary or capricious and Plaintiff's claims should be dismissed.

WHEREFORE, Defendant respectfully requests that its motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied, that all the claims and counts in Plaintiff's complaint be dismissed with prejudice, and that the Court award Defendant all other relief the Court deems just and proper.

                                        Respectfully submitted,

                                        KENNETH MAGIDSON
                                        United States Attorney

By:    s/ *Charmaine Aarons Holder*
        CHARMAINE AARONS HOLDER
        Assistant United States Attorney
        Texas Bar No. 00785100
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone: (713) 567-9765
        Fax: (713) 718-3303
        Attorney-in-charge for the United States
        Department of Education

## CERTIFICATE OF SERVICE

This will certify that the attached instrument was served on October 19, 2015, by the electronic filing system on all attorneys of record.

s/ *Charmaine Aarons Holder*
Charmaine Aarons Holder
Assistant United States Attorney